**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CASE NO.: 7:13-CR-27 (HL)** |
| v. : | |
| : | |
| **STUART C. COLE** : | |
| : | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Defendant, Stuart C. Cole pled guilty to a written Plea Agreement to Counts One and Three of the Indictment, charging Defendant and others with conspiring to commit the offenses of mail fraud and wire fraud, by devising and willfully participating in a scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations and promises and, for the purpose of executing the scheme and artifice, knowingly used the United States Postal Service and knowingly transmitted and caused to be transmitted signals and sounds by means of wire communication in interstate commerce, all related to the fraudulent collection of child support payments in violation of Title 18, United States Code, Section 1349, and conspiracy to commit and to aid and abet the commission of money laundering by, knowing that the property in each financial transaction affecting interstate commerce represented the proceeds of unlawful acts, namely mail and wire fraud, and with the knowledge that the transaction was designed to disguise the nature, location, source, ownership, and control of the proceeds of the unlawful acts, transferring funds totaling

more than $665,000.00 from one bank account to another, in violation of Title 18, United States Code, Section 1956(h), in connection with Section 1956(a)(1)(B)(i);

WHEREAS, pursuant to his Plea Agreement, the Defendant agreed to forfeit a sum of money in the form of a joint and several personal money judgment, and the Government's intent seeking a final order of forfeiture in the amount of one million, and two hundred thousand dollars ($1,200,000.00), representing a compromise of the amount of fraud proceeds gained and/or involved in money laundering transactions during the commission of the Defendant's offense(s), (hereinafter "subject property");

WHEREAS, the United States has filed a Motion for a Preliminary Order of Forfeiture which would consist of a personal money judgment against the Defendant in the amount of one million, and two hundred thousand dollars ($1,200,000.00), to be held joint and several with Co-Defendant Mark S. Simpson; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject

property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. FED. R. CRIM. P. Rule 32.2(c)(1).

4. To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the subject property on the Government's internet website, *www.forfeiture.gov*. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* FED. R. CRIM. P. 32.2(b)(6).

5. Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture,

pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

10. As issued this date, this Order consists solely of a judgment for a sum of money for which the Defendant shall remain liable until the judgment is satisfied. The Court shall retain jurisdiction, however, to enforce this Order, and to amend it as

necessary, pursuant to Fed. R. Crim. P 32.2(e), if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2641(c).

11. The money judgment amount of one million, and two hundred thousand dollars ($1,200,000.00) against the Defendant shall be joint and several with any money judgments imposed against Co-Defendant Mark C. Simpson.

SO ORDERED, this __4th__ day of __March__, 2014.

 __s/ Hugh Lawson__
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683